## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | |
| DEMETRIUS DARRIUS RASBERRY, | Criminal Action No. TDC-17-0457<br>Civil Action No. TDC-19-2446 |
| Defendant. | |

### MEMORANDUM ORDER

Defendant Demetrius Darrius Rasberry has filed a Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255 in which he seeks to collaterally attack his 2018 conviction and sentence in this Court. On April 8, 2018, Rasberry pleaded guilty to two counts of an eight-count Indictment. Rasberry pleaded guilty to interference with interstate commerce by robbery ("Hobbs Act robbery"), in violation of 18 U.S.C. § 1951(a) (Count 2), and using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 3). The Hobbs Act robbery charged in Count 2 was the underlying crime of violence for purposes of Count 3.

On August 10, 2018, the Court sentenced Rasberry to a term of imprisonment of 60 months on Count 2 and the mandatory minimum sentence of a consecutive term of imprisonment of 120 months on Count 3, for a total term of imprisonment of 180 months. Judgment, ECF No. 95. At sentencing, the Court informed Rasberry that he had the right to file of a notice of appeal and that upon request the Clerk of the Court would file a notice of appeal on his behalf. Rasberry filed no notice of appeal.

In his § 2255 Motion, Rasberry argues that (1) pursuant to *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), his conviction under 18 U.S.C. § 924(c) is no longer valid because Hobbs Act robbery, the predicate crime of violence for that conviction, does not meet the definition of "crime of violence" under § 924(c); and (2) he received ineffective assistance of counsel when his counsel failed to investigate and research his case, failed to advise him on whether he could file an appeal, and failed to file a notice of appeal when instructed to do so. The Government opposes the Motion.

A prisoner in federal custody may move to vacate, set aside, or correct his sentence on the basis that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2018). The petitioner bears the burden of proof and must establish the claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). A hearing is necessary where there are disputed issues of fact that need to be resolved in order for the court to rule on the motion. *See United States v. Witherspoon*, 231 F.3d 923, 927 (4th Cir. 2000). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Rasberry's primary argument is that, pursuant to *Davis*, Hobbs Act robbery does not qualify as a "crime of violence" under 18 U.S.C. § 924(c) and thus cannot serve as the predicate offense for his § 924(c) conviction in Count Three. Section 924(c) defines a "crime of violence" as a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or "(B) by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3) (2018). In June 2019, the United States Supreme Court held in *Davis* that the second definition, known as the "residual clause," is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. In July 2019, however, the United States Court of Appeals for the Fourth Circuit held that Hobbs Act robbery qualifies as a crime of violence under the first definition, known as the "force clause." *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) ("[W]e conclude that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."). Here, the predicate crime of violence for Rasberry's § 924(c) conviction is the Hobbs Act robbery charged in Count Two. Accordingly, Rasberry's clam that his § 924(c) conviction in Count Three is invalidated by *Davis* fails.

Rasberry's additional argument is that he received ineffective assistance of counsel. In his § 2255 Motion, Rasberry asserts that his trial counsel "failed to investigate and research case" and "failed to advise movant of appeal." 2255 Mot. at 4, ECF No. 106. In his briefing, Rasberry further asserts that he instructed his trial counsel to file a notice of appeal, but his trial counsel failed to do so.

A petitioner alleging ineffective assistance of counsel in violation of the Sixth Amendment must meet the standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this standard, the petitioner must show both deficient performance and

3

prejudice—that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *id.* at 687, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. Where a defendant cannot meet the prejudice requirement, a court need not consider whether there was deficient performance. *Fields v. Att'y Gen. of the State of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

Here, Rasberry has not described the issues that his trial counsel allegedly failed to investigate or research and has not articulated how such a failure caused any prejudice to him. *See Strickland*, 466 U.S. at 694. Where Rasberry has not provided any basis to conclude that any deficiencies in trial counsel's investigation or research of his case created a reasonable probability of a different result in his case, his claim based on insufficient investigation will be denied because he has not alleged sufficient facts to support a finding of prejudice.

As for Rasberry's ineffective assistance claim based on his counsel's alleged failure to advise him of his right to appeal, that claim also fails because, even if his counsel did not so advise him, the Court cured any such error when it specifically advised Rasberry at the guilty plea hearing of his right to appeal and confirmed that Rasberry understood that right, then specifically informed him at the sentencing hearing of the requirement to file a notice of appeal and of the deadline and process for doing so. *See United States v. Swaby*, 855 F.3d 233, 240 (4th Cir. 2017) ("[A] defendant cannot show prejudice if the district court corrects the misadvice and the defendant understands the correction."); *United States v. Akinsade*, 686 F.3d 248, 253 (4th Cir. 2012).

Rasberry's claim of ineffective assistance of counsel based on his trial counsel's alleged failure to file a notice of appeal after requested to do so, however, cannot be resolved at this time. When a defendant unequivocally instructs trial counsel to file a notice of appeal and counsel fails

4

to do so, there has been deficient performance, and prejudice is presumed even if the defendant signed an appeal waiver as part of a plea agreement. *Garza v. Idaho*, 139 S. Ct. 738, 742, 746 (2019); *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). In such a circumstance, prejudice is "presumed 'with no further showing from the defendant of the merits of his underlying claims.'" *Garza*, 139 S. Ct. at 742 (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)). Thus, it does not matter if, as is the case here, Rasberry waived his right to appeal and his only proposed argument for appeal—that Hobbs Act robbery does not constitute a predicate offense for a § 924(c) conviction—has been foreclosed by the Fourth Circuit, such that if the § 2255 Motion is granted on this issue, he likely would win "little more than an opportunity to lose at a later date." *Poindexter*, 492 F.3d at 273. Because Rasberry has alleged that his trial counsel failed to file a notice of appeal after a specific request to do so and the Government disputes his allegations, an evidentiary hearing on whether he made such an unequivocal request is needed before the § 2255 Motion can be fully resolved. *See Poindexter*, 492 F.3d at 273.

Accordingly, for the foregoing reasons, it is hereby ORDERED that:

1.     Rasberry's Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255, ECF No. 106, is DENIED IN PART in that (a) the claim that Rasberry's conviction on Count 3 must be vacated in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), (b) the claim of ineffective assistance of counsel based on the alleged failure to investigate or research the case, and (c) the claim of ineffective assistance of counsel based on the alleged failure to advise Rasberry of his right to appeal, are all denied.

2.     As to Rasberry's claim of ineffective assistance of counsel based on an alleged failure to file a notice of appeal after an unequivocal request to do so, the

Government shall file, within **14 days** of the date of this Order, a notice stating the expected duration of an evidentiary hearing and the number of weeks needed to secure witnesses for an evidentiary hearing. In the notice, the Government shall notify the Court if it instead consents to the Court granting the § 2255 Motion on this claim and permitting Rasberry to proceed to a direct appeal.

Date: January 8, 2021



THEODORE D. CHUANG
United States District Judge